IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JACQUES MORRIS,            )
                           )
     Plaintiff,            )
                           )
v.                         )   CV 308-001
                           )
JAMES DONALD, Commissioner,)
Department of Corrections, and )
AMANDA F. WILLIAMS, Judge, )
Superior Court of Camden County, )
                           )
     Defendants.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). On April 23, 2008, the Court ordered Plaintiff to inform the Court of his intention to pursue either a civil rights action under 42 U.S.C. § 1983 or habeas corpus relief under 28 U.S.C. § 2241.[1] (Doc. no. 11, p. 3). Plaintiff was afforded fifteen (15) days to comply with the Court's April 23, 2008 Order, and cautioned that failure to respond would result in the recommendation of dismissal of his case without prejudice. (Id. at 3-4). Plaintiff failed to respond to the Court's April 23, 2008 Order.

---

[1] Prior to transferring this matter to the Southern District of Georgia, the Honorable Charles A. Pannell, Jr., United States District Judge, explained, "Plaintiff's claim for release cannot properly proceed as a § 1983 action, and if construed as a claim for habeas relief (which this Court does not do at this time), that claim should be brought in [the Southern District of Georgia]." (Doc. no. 2, p. 4). In this regard, although Plaintiff subsequently agreed to pay the applicable $350.00 civil rights filing fee (doc. no. 8), there had been no resolution as to whether Plaintiff was attempting to assert a claim pursuant to 42 U.S.C. § 1983 or whether he was attempting to petition the Court for habeas corpus relief pursuant to 28 U.S.C. § 2241. Therefore, Plaintiff was ordered to inform the Court whether he intended to pursue a civil rights action or habeas corpus relief. (Doc. no. 11, p. 3).

On May 30, 2008, the Court afforded Plaintiff ten (10) additional days to comply with the Court's April 23, 2008 Order. (Doc. no. 12). Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's April 23, 2008 Order would result in a recommendation that his case be dismissed. (Id. at 2). The time to respond has expired, and Plaintiff has neither complied with the Court's April 23, 2008 Order nor provided the Court with any explanation for his failure to comply.

Moreover, Plaintiff's service copy of the Court's May 30, 2008 Order was returned as "Undeliverable." Thus, in addition to failing to comply with the Court's April 23, 2008 Order, Plaintiff has failed to notify the Court of a change of address. Plaintiff was warned that, if he failed to immediately inform the Court of any change of address while this action is pending, the Court would recommend dismissal of the above-captioned case. (Doc. no. 7, p. 4). Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case. In this regard, the Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Furthermore, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

2

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with a valid address, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP in the above-captioned matter, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3